IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No: 4:14cr3072 |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATION REGARDING |
| vs. | ) | COMPUTER FORENSIC |
| | ) | EXAMINATION |
| ALEX GARDEN, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, United States of America, by and through AUSA Steve Russell, and the defendant, Alex Garden, by and through his attorney, Sean J. Brennan, hereby stipulate and agree as follows:

1. Pursuant to 18 U.S.C. §3509(m), courts are required to deny defense requests to copy, photograph, duplicate, or otherwise reproduce material constituting child pornography if the government makes the material reasonably available to the defendant and provides ample opportunity for the defense to examine it at a government facility. 18 U.S.C. § 3509(m);

2. For purposes of this stipulation and order, the term "defense team" refers solely to defendant's counsel of record, Sean J. Brennan, and defendant's designated experts, including Daniel Meinke and Colleen Zea, and any other member of Computer Forensic Resources, Inc. ("defense expert"). Defendant and defense counsel represent that the defense team agrees to be bound by the terms and conditions of this stipulation and order;

3. For purposes of this stipulation and order, the term "defense expert hard drive" refers to one forensically sound image of the digital media seized by the Nebraska State Patrol on September 18, 2013, from 7146 Kearney Avenue, Lincoln, Nebraska, containing alleged child pornography contraband at issue in the above-referenced case. Specifically, Blackberry 8130 Cell Phone, MAC 00:21:06:D6:7F:3D; LG TSAX8600BL Cell phone, ESN 0190488238; MacBook Laptop Computer, Model A1278, S/N 6N9070EPH13CB; HP Pavillion s7320n Computer Tower, S/N CNH6010NJ8 and Motorola Droid Razr HD cell phone, Model XT926.

1

4. The parties agree the following conditions, if ordered by the Court, will serve the Government's interests in protecting against additional harm to victims by further dissemination of contraband images while permitting Garden's defense counsel to effectively prepare for trial:

   a. Garden's defense expert and a designated representative of the Government shall confer for the purpose of providing the defense expert with information about the quantity of the electronic data in the possession of the Government, the data's format and any other issues directly relevant to facilitating defense expert's examination of the electronic data.

   b. The defense expert shall send a forensically wiped hard drive to the Government and the Government shall use this hard drive to create a defense hard drive.

   c. The Government shall transfer the defense hard drive directly to the U.S. Attorney's office in Sioux Falls, South Dakota, to the attention of AUSA Jeff Clapper, who will arrange for viewing of the forensically copied hard drive by Garden's defense expert utilizing the defense expert's equipment already located within a secure area within the South Dakota U.S. Attorney's office under the procedure currently employed in other cases by the South Dakota U.S. Attorney's office and Garden's defense expert.

   d. Neither Garden's defense counsel nor Garden's defense expert shall make or permit to be made any copies of alleged child pornography present in the defense hard drive and shall not remove any alleged child pornography from the South Dakota U.S. Attorney's office facility. However, Garden's defense expert will be allowed to copy all or a portion of any file that is not child pornography contraband and compile a report (without contraband images/videos) documenting the defense expert's examination on removable media at the discretion of the defense expert.

   e. The government shall not attempt to record any audio generated from the defense expert's work station and no attempt shall be made to observe the defense team's work product or computer monitor screen at any time. Garden's defense expert may use encryption software to ensure protection of defense expert's work product.

5. The above-described procedure relates solely to the facts and circumstances of this case. Furthermore, an order by the Court related to the subject matter of this stipulation does not constitute a waiver by the Government regarding procedures generally employed for conducting forensic review of child pornography.
6. By signing this stipulation, Garden does not waive any constitutional challenge to 18 U.S.C. §3509(M).
7. The parties jointly request the Court enter an order in conformance with this stipulation.

Dated: 8-20-14

Sean J. Brennan
Attorney for Defendant

Dated: 8-19-14

Steve Russell
Assistant United States Attorney

The defendant's unopposed motion, (Filing No. 17), is hereby granted, and the parties' Stipulation (Filing No. 18), is hereby ordered.

August 21, 2014.

BY THE COURT:

Cheryl R. Zwart
United States Magistrate Judge