## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NUMBER: 4:14CR3072-001** |
| **Plaintiff,** | **USM Number: 26599-047** |
| **vs.** | **SEAN J. BRENNAN** |
| **ALEX GARDEN** | **DEFENDANT'S ATTORNEY** |
| **Defendant.** | |

### JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

**THE DEFENDANT** pleaded guilty to count III of the Indictment on 04/19/2016.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number |
|---|---|---|
| 18:2252(a)(4)(B) Possession of child pornography | September 18, 2013 | III |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts I and II of the Indictment are dismissed on the motion of the United States.

Following the imposition of sentence, the Court advised the defendant of the right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within fourteen (14) days of this date pursuant to Fed. R. App. P. 4.

The defendant shall cooperate in the collection of DNA, pursuant to Public Law 108-405 (Revised DNA Collection Requirements under the Justice for All Act of 2004).

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:
July 12, 2016

*Richard G. Kopf*
Senior United States District Judge

July 13, 2016

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **36 months.**

The Court makes the following recommendations to the Bureau of Prisons:

1.  That the defendant be placed at FCI-Englewood, Colorado.


The defendant is remanded to the custody of the United States Marshal.

## ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of a copy of this judgment this ____ day of _____, 20___.

_____
Signature of Defendant

## RETURN

It is hereby acknowledged that the defendant was delivered on the ___ day of _____, 20____ to _____, with a certified copy of this judgment.

_____
UNITED STATES WARDEN

BY: _____

**NOTE:  The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

## CERTIFICATE

It is hereby certified that a copy of this judgment was served upon the defendant this ____ day of _____, 20____.

_____
UNITED STATES WARDEN

BY: _____

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1.    The defendant shall not leave the judicial district without the permission of the court or probation officer;
2.    The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3.    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.    The defendant shall support his or her dependents and meet other family responsibilities;
5.    The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7.    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.    The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10.   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11.   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12.     The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13.     As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1.      The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 28 C.F.R. § 28.12, the DNA Fingerprint Act of 2005, and the Adam Walsh Child Protection and Safety Act of 2006, if such sample was not collected during imprisonment.

2.      The defendant shall participate in a victim awareness program as directed by the probation officer.  Based on the defendant's ability to pay, the defendant shall pay for the costs of the program in an amount determined by the probation officer.

3.      The defendant shall provide the probation officer with access to any requested financial information.

4.      The requirement of 18 U.S.C. § 3583(d) regarding drug testing within fifteen (15) days of release on supervised release and at least two (2) periodic drug tests thereafter, is suspended until further order of the Court because the Presentence Investigation Report on the defendant and other reliable sentencing information indicates a low risk of future substance abuse by the defendant.

5.      The defendant shall provide the U.S. Probation Officer with truthful and complete information regarding all computer hardware, software, electronic services, and data storage media to which the defendant has access.

6.      The defendant shall cooperate with the U.S. Probation Office's Computer Monitoring Program.  Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices the defendant has access to, and allowing the installation of monitoring software/hardware on said devices.  The defendant and/or the U.S. Probation Officer shall inform all parties that access a monitored computer, or similar electronic device, that the device is subject to monitoring. The defendant may be limited to possessing only one personal Internet capable device, to facilitate the probation officer's ability to effectively monitor his/her Internet related activities, including, but not limited to, email correspondence, Internet usage history, and chat conversations. The defendant shall not remove, tamper with, reverse engineer, or in any way circumvent installed software.   The defendant shall also permit random examinations of said computer systems, Internet capable devices, and similar electronic devices, and related computer peripherals, such as CD's and other media, under his/her control.  The defendant shall pay the costs of monitoring.

7.      The defendant shall submit his/her person, residence, property, office, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects to a search conducted by a U.S. Probation Officer at any time; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that

the premises and any shared devices may be subject to searches pursuant to this condition.

8.      The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes on any media.  Also, the defendant shall not install or use any program for the purpose of "wiping," deleting or cleaning any media device.

9.      The defendant shall have no contact, nor reside with children under the age of 18, including their own children, unless approved in advance by the U.S. Probation Officer in consultation with the treatment providers.  The defendant must report all contact with children to the U.S. Probation Officer and the treatment provider.  Should the defendant have contact with a child, the defendant is required to immediately remove him/herself from the situation and notify his/her U.S. Probation Officer within 24 hours of this contact.

10.     The defendant shall not loiter near schools, school yards, parks, arcades, playgrounds, amusement parks, or other places used primarily by children under the age of 18 unless approved in advance by the U.S. Probation Officer.

11.     The defendant shall not associate with or have any contact with convicted sex offenders unless in a therapeutic setting and with the permission of the U.S. Probation Officer.

12.     The defendant is restricted from engaging in any occupation, business, or profession, including volunteer work, where he/she has access to children under the age of 18, without prior approval of the U.S. Probation Officer.  Acceptable employment shall include a stable verifiable work location and the probation officer must be granted access to the work site.

13.     The defendant shall have all residences and employment pre approved by the U.S. Probation Officer ten (10) days prior to moving or changing employment.  The defendant must comply with any residency restriction ordinances in the city where he/she resides.

14.     The defendant shall comply with Sexual Offender Registration and Notification Act (SORNA) requirements for convicted offenders in any state in which the defendant resides, is employed, or is a student, as required by federal and state law.  While on supervision with the District of Nebraska, the defendant shall register in person with local, tribal, or county law enforcement at a location designated by the Nebraska State Patrol within three (3) days of sentencing, or if in custody at the time of sentencing, within three (3) days of release from incarceration.  While on supervision any changes to information provided during the initial registration must be made no less than three (3) business days before the change occurs.  The defendant shall provide proof of registration and changes to the U.S. Probation Officer.

15.     The defendant shall undergo a sex offense-specific evaluation and participate in a sex offender treatment and/or mental health treatment program approved by the U.S. Probation Officer.  The defendant shall abide by all rules, requirements, and conditions of the sex offender treatment program(s), including submission to polygraph testing. The defendant shall sign releases of information to allow all professionals involved in their treatment and monitoring to communicate and share documentation.   The defendant shall pay for these services as directed by the U.S. Probation Officer.

16.     The defendant shall submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the U.S. Probation Officer, to assist in treatment, planning, and case monitoring.  The defendant shall pay for these services as directed by the U.S. Probation Officer.

17.     The defendant shall not possess, view, or otherwise use material including videos, magazines, photographs, computer generated depictions, or any other forms that depict sexually explicit conduct involving children or adults, as defined in 18 U.S.C.  2256.

18.     The defendant shall report to the Supervision Unit of the U.S. Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U.S. Courthouse, Lincoln, Nebraska, (402)437-1920, within seventy-two (72) hours of release being placed on probation or release from confinement and, thereafter, as directed by the probation officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in this judgment.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $100 (Paid) | | |

The Court has determined that the defendant does not have the ability to pay interest and it is ordered that interest requirement is waived.

## FINE

No fine imposed.

## RESTITUTION

No restitution imposed.

## SCHEDULE OF PAYMENTS

The defendant shall pay the special assessment in the amount of $100 (Paid).

The criminal monetary penalty is due in full on the date of the judgment.  The defendant is obligated to pay said sum immediately if he or she has the capacity to do so.  The United States of America may institute civil collection proceedings at any time to satisfy all or any portion of the criminal monetary penalty.

Without limiting the foregoing, and during the defendant's term of incarceration, the defendant shall participate in the Bureau of Prisons' Financial Inmate Responsibility Program.  Using such Program, the defendant shall pay 50% of the available inmate institutional funds per quarter towards the criminal monetary penalty.

Without limiting the foregoing, and following release from prison, the defendant shall make payments to satisfy the criminal monetary penalty in the following manner: (a) monthly installments of $100 or 3% of the defendant's gross income, whichever is greater; (b) the first payment shall commence 30 days following the defendant's discharge from incarceration, and

continue until the criminal monetary penalty is paid in full; and (c) the defendant shall be responsible for providing proof of payment to the probation officer as directed.

Any payments made on the outstanding criminal monetary penalty shall be applied in the following order of priority: special assessment; restitution; fine; and other penalties.  Unless otherwise specifically ordered, all criminal monetary penalty payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to the clerk of the Court.  Unless otherwise specifically ordered, interest shall not accrue on the criminal monetary penalty.

All financial penalty payments are to be made to the Clerk of the U. S. District Court, 111 S. 18th Plaza, Suite 1152, Omaha, NE 68102-1322.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall inform the probation officer of any change in his or her economic circumstances affecting the ability to make monthly installments, or increase the monthly payment amount, as ordered by the court.

The defendant is restrained from transferring any real or personal property, unless it is necessary to liquidate and apply the proceeds of such property as full or partial payment of the criminal monetary penalty.

The court hereby authorizes the government to dispose of the Apple Mac Book and Motorola Droid Razr Cell Phone according to law. The other items seized from the defendant shall be returned in due course.

---

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M.  LUCKS, CLERK

By _____Deputy Clerk